was no fact in doubt about this, to be left to the jury; and there was but one construction as to the kind of flyer intended to be used, that was consistent either with the drawings, or the express language employed, or the chief object of the machine in its increased velocity, or in the practicability of gearing it in the manner before described by him in two important particulars, or of giving motion to it "independently." It is as clear and decisive on this point as if he had said, the "before described" spindles and flyers, because he says the spindles and flyers, "with the described arrangement of gearing;" and no other spindles or flyers, but the short spindles and bow-flyers, could be geared in the manner before described, through the bottoms of the latter. Matters like these must be received in a practical manner, and not decided on mere metaphysical distinctions. Crossley v. Beverley, 3 Car. & P. 513, 514. Taking with us, also, the settled rules, that specifications must be sustained, if they can be fairly (Russell v. Cowley, 1 Cromp., M. & R. 864, 876; Wyeth v. Stone [supra]); that we should not be astute to avoid inventions; and that it is a question for the court, and not the jury, whether the specification can be read and construed intelligibly in a particular way (Whitney v. Emmett [Case No. 17,585]; Blanchard v. Sprague [supra]),—we think the instructions given at the trial in this case were correct, and that no sufficient ground has been shown for a new trial. Motion refused.

## Case No. 3,663.

### DAVY v. FAW.

[1 Cranch, C. C. 89.] [1]

Circuit Court, District of Columbia. April Term, 1802.

ARBITRATION — EVIDENCE OF QUESTIONS SUBMITTED.

When the terms of submission to arbitration are uncertain, parol evidence may be given of the controversies submitted.

Debt on award. The terms of submission were "of a controversy of several accounts and contracts existing between us."

THE COURT allowed parol evidence to show what were the accounts and contracts meant in the submission, and stopped C. Lee who had offered such evidence, and informed him that in the case of Ellzey v. Mosorop [Case No. 4,412], in Washington, they had decided that where the terms of submission were uncertain, parol evidence might be given of the controversies submitted.

MARSHALL, Circuit Judge, absent.

[NOTE. See Faw v. Davy, Case No. 4,701.]

DAVY (FAW v.). See Case No. 4,701.

[1] [Reported by Hon. William Cranch, Chief Judge.]

DAVY (ROSS v.). See Case No. 12,073.

DAWES (BANK OF COLUMBIA v.). See Case No. 865.

## Case No. 3,664.

### DAWES et al. v. CORCORAN.

[1 Cranch, C. C. 137.] [1]

Circuit Court, District of Columbia. July Term, 1803.

WITNESSES—CROSS-EXAMINATION.

Leading questions may be asked in cross-examining a witness.

Assumpsit.

Mr. Mason, for defendant, in cross-examining the plaintiffs' witness, asked whether there was not an agreement that, &c. (stating certain terms.)

Mr. Key, for plaintiff, objected on the ground of its being a leading question.

The objection was overruled, and the question permitted to be asked.

Mr. Key took a bill of exceptions. But no writ of error was issued. See Peake, Ev. 135.

DAWES (STOKES v.). See Case No. 13,477.

## Case No. 3,665.

### The DAWN.

[1 Ware (485) 499.] [2]

District Court, D. Maine. Feb. 21. 1839.

SEAMEN'S WAGES—SALE OF SHIP IN FOREIGN COUNTRY—WRECK—BURDEN OF PROOF.

1. The act of congress of February, 1803, c. 62 [2 Stat. 203], allowing two months' extra wages to the crew, upon the sale of the vessel and their discharge in a foreign country, applies only to the case of a voluntary sale of a vessel, and not when the sale is rendered necessary by shipwreck.

[Cited in Dustin v. Murray, Case No. 4,201.]

2. If the vessel is sold in consequence of a disaster at sea, the owners will not be exempted from the payment of the extra wages, if the vessel can be repaired at a reasonable expense and in a reasonable time. and the burden of proof, to show that she could not so be repaired, is upon the owners.

This was a suit for subtraction of wages. The libellant shipped as mate for a voyage from Boston to Turk's Island, and back to her port of discharge in the United States, for wages at the rate of twenty-five dollars a month. The brig sailed December 4, 1836, and when four days out met with heavy gales, by which she was much injured in her spars and rigging, and strained in her hull. The ballast was shifted, the pump-well broken, and the pump forced up three feet and a half, so as to render it impracti-

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Ashur Ware, District Judge.]